**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
MARTINSBURG**

**CHARLES D. IZAC,**

  **Petitioner,**

**v.**                                                    **Civil Action No.    3:08CV93**
                                                              **Crim. Action No.   3:02CR58**
                                                              **(BAILEY)**

**UNITED STATES OF AMERICA,**

  **Respondent.**

**ORDER ADOPTING REPORT AND RECOMMENDATION OF AUGUST 7, 2008, AND
DENYING PETITIONER'S MOTION TO AMEND**

I.    Introduction

On this day, the above-styled matter came before the Court for consideration of the

Report and Recommendation of United States Magistrate Judge James E. Seibert (Crim.

Doc. 150) and the petitioner's corresponding objections (Crim. Doc. 152). Pursuant to 28

U.S.C. § 636(b)(1)(c), this Court is required to make a *de novo* review of those portions of

the Magistrate Judge's findings to which objection is made. However, failure to file

objections permits the district court to exercise review under the standards believed to be

appropriate, and under these circumstances, the parties' right to *de novo* review is waived.

*Thomas v. Arn,* 474 U.S. 140, 150 (1985). Accordingly, this Court will conduct a *de novo*

review only as to the portions of the report and recommendation to which the petitioner

objected. The remaining portions of the report and recommendation will be reviewed for

clear error. As a result, it is the opinion of this Court that the **Magistrate Judge's Report and Recommendation (Crim. Doc. 150; Civ. Doc. 6)** should be, and is, **ORDERED ADOPTED**.

II.     Factual and Procedural Background

The relevant factual and procedural history regarding petitioner's motion under 28 U.S.C. § 2255 are as follows. On December 4, 2002, petitioner was named in a one-count indictment charging him with being a Felon in Possession of a Firearm in violation of 18 U.S.C. § 922(g)(1). Thereafter, the United States filed a motion *in limine* seeking to prohibit the petitioner from introducing a justification defense at trial. Following a hearing, the trial court ruled that the petitioner was able to assert a justification defense but limited the scope of testimony and evidence to be offered in support.

Subsequently, on June 10, 2003, the petitioner entered a guilty plea pursuant to a written plea agreement, which was conditioned on his right to appeal the trial court's ruling on the availability and scope of the justification defense at trial. However, the United States Court of Appeals for the Fourth Circuit, finding the conditional plea to be improper, remanded the case for trial. At the conclusion of trial, the jury found the petitioner guilty of being a Felon in Possession of a Firearm in violation of 18 U.S.C. § 922(g)(1). As a result, the petitioner received a 180-month term of incarceration at sentencing. Thereafter, the petitioner unsuccessfully appealed to the Fourth Circuit, which affirmed his sentence and conviction finding that the petitioner was not entitled to present a justification defense, that the petitioner's Sixth Amendment right to a public trial was not curtailed by the trial court's exclusion of petitioner's wife from the courtroom during jury selection, and that the

petitioner was not entitled to argue that his neighbor, the alleged aggressor in petitioner's justification scenario, was a missing witness.

On May 21, 2008, the petitioner filed the instant Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody (Crim. Doc. 136). By standing Order, the case was referred to United States Magistrate Judge James E. Seibert for initial review and report and recommendation. In support, the petitioner contends that he is entitled to relief because: (1) he was not allowed to present witnesses or testify on his behalf; (2) petitioner's objections to the pre-sentence report and date of completion entitle him to relief; (3) his conviction subjects him to double jeopardy; (4) he was denied effective assistance of counsel; (5) a tainted juror affected the jury, which was misled by prosecution statements; (6) his counsel was prevented from giving a closing argument suggesting that his neighbor was a missing witness; (7) he was forced to take an oath in violation of his religious beliefs; (8) a missing DEA document was not submitted in support of petitioner's defense; (9) he was the victim of selective and vindictive prosecution; (10) he never received his *Miranda* warnings as required by *Miranda v. Arizona*, 384 U.S. 436 (1966); (11) the trial court improperly constrained the petitioner's testimony through its pretrial rulings regarding the availability and scope of the justification defense; (12) the trial court wrongly denied submission of evidence concerning petitioner's neighbor in connection with the justification defense; (13) the trial court incorrectly denied petitioner an opportunity to question the missing witness; and (14) the Bureau of Prisons (BOP) interfered with the petitioner's right to appeal by placing him in Beaumont, Texas, for service of sentence.

Subsequently, on July 18, 2008, the United States filed its Response (Crim. Doc. 146) to which the petitioner replied on August 4, 2008 (Crim. Doc. 148). Upon consideration, the Magistrate Judge found petitioner's claims to be without merit, and therefore, recommended that the petition be dismissed. Thereafter, petitioner filed his objections to the Report and Recommendation (Doc. 152) on August 28, 2008. In addition, that same day, petitioner filed his Motion to Amend and Expedite (Doc. 153).

III.     General Legal Standards

The law is well-settled that issues previously raised and rejected on direct appeal may not be raised again in a collateral attack. **Boeckenhaupt v. United States**, 537 F.2d 1182 (4th Cir. 1976). Similarly, constitutional errors that could have been raised on direct appeal but were not may not be properly be raised in a § 2255 motion unless the petitioner shows cause that excuses his procedural default and actual prejudice resulting from the alleged error. **United States v. Maybeck**, 23 F.3d 888, 891 (4th Cir. 1994). However, claims of ineffective assistance of counsel not raised on direct appeal do not require a cause and prejudice showing to be properly raised in a § 2255 motion, as such claims are more appropriately raised in a collateral attack. *See* **United States v. Richardson**, 195 F.3d 192 (4th Cir. 1999).

Moreover, concerning the burden of proof, a federal prisoner seeking to collaterally attack his sentence or conviction, bears the burden of proving that his "sentence or conviction was imposed in violation of the constitution or laws of the United States, that the court was without jurisdiction to impose such a sentence, that the sentence exceeded the maximum authorized by law, or that the sentence otherwise is subject to collateral attack."

28 U.S.C. § 2255. In addition, "[a] motion collaterally attacking a petitioner's sentence brought pursuant to § 2255 requires the petitioner to establish his grounds by a preponderance on the evidence." *Sutton v. United States*, 2006 WL 36859 *2 (E.D. Va. Jan. 4, 2006) (citing *Miller v. United States*, 261 F.2d 546, 547 (4th Cir. 1958)).

IV.     Discussion

Turning to the case at bar, the Court concurs with the finding of the Magistrate Judge, that petitioner's claims are without merit. Initially, the Court notes, as did the Magistrate Judge that petitioner's numerous claims challenging the trial court's decision to limit the scope of evidence presented in support of petitioner's justification defense, and petitioner's corresponding argument that such limitation converted his justification witnesses into missing witnesses, were previously raised and rejected on direct appeal. The United States Court of Appeals for the Fourth Circuit found that petitioner was not entitled to present a justification defense, and further that, petitioner could not argue that witnesses, who were otherwise available to testify, were missing. In regard to the justification defense, the Fourth Circuit explicitly found that the petitioner "was not entitled to a justification defense. Therefore, we do not consider whether the district court erred in excluding Izac's proffered evidence because any error in the exclusion of this evidence would be harmless." *United States v. Izac*, 2007 WL 2025178 (4th Cir. 2007). As such, claim (1), challenging petitioner's inability to present witness and testify fully in support of an unqualified justification defense, claims (6) and (13), regarding counsel's inability to address the missing witness issue in closing argument and the petitioner's inability to confront the missing witness on cross examination, and claims (11) and (12), challenging

the limitations on the justification defense and the supporting evidence, are subject to dismissal pursuant to *Boeckenhaupt v. United States*, 537 F.2d 1182 (4th Cir. 1976).

In response to the above findings of the Magistrate Judge, the petitioner attempts to distinguish his instant claims from those presented to the Fourth Circuit on appeal. In doing so, however, the petitioner fails to grasp that the trial court's pretrial order limiting the justification defense, the trial court's restraint of petitioner's testimony concerning justification, the trial court's limitation of witness testimony in support of justification, and the inability of trial counsel to raise missing witness issues in his closing argument all squarely fall within the petitioner's challenges to the trial court's rulings on the scope of the justification defense and the missing witness arguments raised before, and rejected by, the Fourth Circuit. Accordingly, petitioner's claims on such grounds are without merit.

Similarly, petitioner's challenge to the pre-sentence report must also fail. In claim (2), petitioner takes issue with the accuracy of the pre-sentence report and the sentencing court's rulings on petitioner's corresponding objections. However, a petitioner challenging the accuracy of a pre-sentence report "has an affirmative duty to make a showing that the information in the pre-sentence report is unreliable and articulate the reasons why the facts contained therein are untrue or inaccurate." *United States v. Terry*, 916 F.2d 157, 161-62 (4th Cir. 1990).

Upon consideration, the Magistrate Judge concluded that the petitioner failed to make the requisite showing. In response, the petitioner objects that error is apparent on the face of the pre-sentence report and, further that, the sentencing court did not address petitioner's precise objections, but instead, dismissed them "out of hand." Here, the

Statement of Reasons (Doc. 126) evidencing full and fair consideration of petitioner's precise objections contradicts his assertion that such objections were dismissed out of hand. Moreover, petitioner has failed to identify any specific errors in the pre-sentence report and, in so doing, has fallen short of discharging his "affirmative duty to make a showing that the information in the pre-sentence report is unreliable and [to] articulate the reasons why." *See Terry*, 916 F.2d at 161-62. Therefore, petitioner's challenge on such grounds must fail.

In addition, petitioner's charge of double jeopardy is equally without merit. Petitioner claims that his federal offense of conviction was originally adjudicated in state proceedings in Jefferson County, West Virginia. However, as properly noted by the Magistrate Judge, prosecution of the same criminal conduct by state and federal sovereigns with concurrent jurisdiction does not implicate the constitutional protection against double jeopardy. *See **United States v. Lanza***, 260 U.S. 377, 384 (1922) (holding that the Double Jeopardy Clause did not bar federal prosecution following conviction in state court for the same conduct). Thus, petitioner's challenge on such grounds is without merit.

Concerning petitioner's challenges based on ineffective assistance of counsel, the Court concurs with the finding of the Magistrate Judge, that petitioner's claims warrant dismissal. In **Strickland v. Washington***,* 466 U.S. 688 (1984), the United States Supreme Court announced the two-part test for evaluating claims of ineffective assistance of counsel. Under **Strickland**, the defendant must first show that his counsel's performance "fell well below an objective standard of reasonableness." *Id.* at 687-88. Provided that this

showing is made, the Court must still find that the results of the proceeding would have been different but for counsel errors. *Id.* at 687.

Turning to the case at bar, it is apparent that the petitioner has failed to show that his counsel's performance fell below an objective standard of reasonableness which resulted in actual prejudice. Petitioner fails to show how his appellate counsel's death, following oral arguments but prior to the pronouncement of the decision by the Fourth Circuit, resulted in prejudice. Moreover, petitioner's contention that the BOP's designation of Beaumont, Texas served to deny him effective assistance of counsel and curtailed his right to appeal is misplaced as the "power to designate an inmate's place of incarceration rests solely with the Bureau of Prisons." *United States v. Dennis*, 203 F.3d 823 (4th Cir. 2000) (citing 18 U.S.C. § 3621(b)).

Further, petitioner's challenge to his conviction and sentence based on an allegedly tainted juror, missing DEA documents, and *Miranda* grounds fail to state cognizable legal claims. As noted by the Magistrate Judge, "liberal construction has its limits, for the pleading must at least set forth sufficient information for the court to determine whether some recognized legal theory exists upon which relief could be accorded the pleader." *Minone v. McGrath*, 435 F. Supp. 2d 266 (S.D.N.Y. 2006) (citations omitted). In regard to the DEA document, petitioner has failed to describe its contents or potential impact on the proceedings. Similarly, concerning the tainted juror, the petitioner has failed to identify the juror, has failed to proffer any evidence in support of the claim, and has failed to allege how the tainted juror's presence impacted the trial. Likewise, the petitioner was never subjected to a custodial interrogation, nor has he alleged that he made self-incriminating

statements in such a context, and, thus, his challenge on *Miranda* grounds must also fail. *See **Rhode Island v. Innis***, 446 U.S. 291, 299 (1980).

In regard to petitioner's claims for selective and vindictive prosecution, the Court agrees with the finding of the Magistrate Judge, that the petitioner has failed to carry his burden. Concerning selective prosecution, petitioner must establish "that he has been singled out while others similarly situated have not been prosecuted." ***United States v. Greenwood***, 796 F.2d 49, 52 (4th Cir. 1986) (internal citations omitted). To this end, petitioner's sole assertion is that his neighbor was illegally armed and was not prosecuted. However, this bald assertion falls short of demonstrating that the petitioner was singled out from any similarly situated individuals.

Similarly, petitioner has fallen short of demonstrating the genuine animus necessary to sustain a charge of prosecutorial vindictiveness. In order to recover on claim for prosecutorial vindictiveness, petitioner must show through objective evidence that "(1) the prosecutor acted with genuine animus toward the defendant and (2) the defendant would not have been prosecuted but for that animus." ***United States v. Wilson***, 262 F.3d 305, 314 (4th Cir. 2001). In support of his charge, the petitioner objects that "[t]rue malice was shown by the government taking over a settled state case and by the government's repeated trials against the petitioner while denying to make a plea agreement with him." (Doc. 152). These contentions, however, are factually and legally inaccurate. Initially, the exercise of concurrent criminal jurisdiction alone does not constitute animus. Moreover, petitioner was not subjected to double jeopardy, as discussed earlier, and the petitioner did in fact enter into a written plea agreement with the United States, which was set aside by

the Fourth Circuit due to the plea's conditional nature. Thus, petitioner has failed to carry his burden in demonstrating actual animus.

Lastly, petitioner's claim that he was forced to take a testimonial oath in violation of his religious beliefs must also fail. In this context, it bears mention that petitioner chose not to raise this claim on direct appeal. Further, as noted above, constitutional errors that could have been raised on direct appeal but were not may not be properly be raised in a § 2255 motion unless the petitioner shows cause that excuses his procedural default and actual prejudice resulting form the alleged error. **United States v. Maybeck**, 23 F.3d 888, 891 (4th Cir. 1994). In the instant matter, petitioner has failed to identify cause for failing to raise this issue on direct appeal and actual prejudice stemming from the violation. Therefore, the petitioner is not entitled to relief.

V.      Other Pending Matters

On August 28, 2008, the petitioner filed a Motion To Amend and Expedite (Doc. 153). In support, petitioner seeks an amendment on the ground that "petitioner believed trial issues and sentencing issues must be separated." (Doc. 153). Pursuant to Federal Rule of Civil Procedure 15(a), petitioner may not amend his petition absent the "opposing party's written consent or leave of court." Fed. R. Civ. P. 15(a)(2). Moreover, "a district court should normally permit amendment absent futility, undue delay, bad faith or dilatory motive, or undue prejudice." **Masotto v. United States**, 205 F.3d 1323 (2d Cir. 2000) (citing **Foman v. Davis**, 371 U.S. 178, 182 (1962)).

Turning to the case at bar, the Court finds that petitioner is not entitled to the requested amendment. Initially, petitioner's claim that he mistakenly believed that he

should withhold all claims regarding sentencing is contradicted by his prior challenges to the pre-sentence report and the sentencing court's treatment of petitioner's corresponding objections. Moreover, the Court finds petitioner's rehashed objections to the sentencing court's rulings to be redundant and insufficient to warrant relief. As such, petitioner's **Motion To Amend and Expedite (Crim. Doc. 153)** is **DENIED**.

VI.    Conclusion

For the foregoing reasons, and those more fully contained in the Report and Recommendation of the Magistrate Judge, the Court **ORDERS** as follows:

1.    That the **Magistrate Judge's Report and Recommendation (Crim. Doc. 150; Civ. Doc. 6)** is **ADOPTED**;

2.    That the petitioner's **Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside or Correct Sentence by a Person in Federal Custody (Crim. Doc. 136; Civ. Doc. 1)** is **DENIED**;

3.    That petitioner's **Motion To Amend and Expedite (Crim. Doc. 153)** is **DENIED**; and

4.    That this case be **DISMISSED WITH PREJUDICE and RETIRED** from the active docket of the Court.

It is so **ORDERED**.

The Clerk is directed to transmit copies of this Order to all counsel of record and to mail a copy to the petitioner.

Dated:  September 11, 2008.

JOHN PRESTON BAILEY
UNITED STATES DISTRICT JUDGE